AO 472  (Rev. 09/16)  Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
for the

Eastern District of Missouri

| United States of America | ) |
|---|---|
| v. | ) |
|  | )  Case No.  4:17 CR 310-1 RLW (SPM) |
| **ROBERT HILL, JR.** | ) |
| *Defendant* | ) |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☒ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or

☐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted.  This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A.  Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

   ☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

      ☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

      ☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

      ☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

      ☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

      ☐ **(e)** any felony that is not otherwise a crime of violence but involves:
         **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921);
         **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; ***and***

   ☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; ***and***

   ☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; ***and***

   ☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☒ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☒ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☒ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

☐ The defendant has not introduced sufficient evidence to rebut the presumption above.

**OR**

☒ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☒ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☒ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☒ Weight of evidence against the defendant is strong
☒ Subject to lengthy period of incarceration if convicted
☒ Prior criminal history
☒ Participation in criminal activity while on probation, parole, or supervision
☐ History of violence or use of weapons
☒ History of alcohol or substance abuse
☐ Lack of stable employment
☐ Lack of stable residence
☐ Lack of financially responsible sureties
☐ Lack of significant community or family ties to this district
☐ Significant family or other ties outside the United States

☐ Lack of legal status in the United States

☐ Subject to removal or deportation after serving any period of incarceration

☒ Prior failure to appear in court as ordered

☐ Prior attempt(s) to evade law enforcement

☒ Use of alias(es) or false documents

☐ Background information unknown or unverified

☐ Prior violations of probation, parole, or supervised release

**OTHER REASONS OR FURTHER EXPLANATION:**

At the detention hearing, the parties had no objection to the factual background set forth in the Pretrial Services Report dated July 28, 2017.  The Report, however, includes an ambiguity.  Page 4 indicates that Moline Acres PD has either a wanted or an active warrant for Defendant.  The undersigned adopts and incorporates by reference herein the facts set out in that Report but will not consider the Moline Acres warrant/wanted at this time.  Defendant offered additional information which the undersigned has considered.

Defendant is charged with serious a drug trafficking offense.  Therefore, the government's detention motion in this case is aided by a rebuttable presumption that no condition or combination of conditions will reasonably assure Defendant's appearance as required and the safety of the community.  In response to this presumption, a defendant must produce some evidence that there are conditions of release that will reasonably assure that he will not flee and will not pose a danger to the community.  In this regard, the burden of proof remains with the government, and at all times Defendant retains his constitutional presumption of innocence.  See United States v. Abad, 350 F.3d 793, 797 (8th Cir. 2003) ("'In a presumption case … a defendant bears a limited burden of production—not a burden of persuasion—to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight.'") (quoting United States v. Mercedes, 254 F.3d 433, 436 (2nd Cir. 2001)).  Moreover, even if a defendant meets his burden of production, "the presumption favoring detention does not disappear, but remains for consideration." Abad, 350 F.3d at 797.  Further, the undersigned may also consider Congress's finding that drug traffickers pose special risks of flight and a danger to the community.

** CONTINUED ON ATTACHED SHEET(s) **

**Part IV - Directions Regarding Detention**

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

| Date: | August 4, 2017 | /s/ John M. Bodenhausen |
|---|---|---|
| | | United States Magistrate Judge |

**OTHER REASONS OR FURTHER EXPLANATION:** (continued)

At the detention hearing, the parties proceeded by proffer.  Defendant requested release on conditions.  Defendant is a lifelong resident of St. Louis and represented that his mother was in Court for the detention hearing.  Defendant would stay with his mother if released, or with other family if necessary.  Defendant has an Associates Degree in Electrical Engineering and a strong employment history.  Defendant characterized his criminal history as non-serious, but acknowledged that it included a felony controlled substance distribution conviction (in 1998), and that Defendant is currently facing two felony cases in St. Louis County—one for receiving stolen property and one for felony state income tax violations.  Defendant represented that he made his court appearances in St. Louis County without incident.  Defendant supports his minor children.

The government contends that Defendant did not proffer sufficient facts to rebut the presumption favoring detention.  The government persists in its contention that Defendant should be detained pending trial.  The government relied primarily on the facts in the Pretrial Services Report, emphasizing that Defendant faces a lengthy term of imprisonment if convicted, including a twenty-year mandatory minimum sentence.  The government also noted that Defendant had a 2010 warrant issued for failure to appear relative to an earlier case.  The government also summarized some of the evidence against Defendant.  During a 2013 search warrant of his house, law enforcement recovered 63 firearms and body armor, and Defendant's fingerprints were found on several of the weapons.  The evidence also includes wiretap and undercover transactions implicating Defendant in drug trafficking.  During a recent search warrant, law enforcement recovered three more firearms, a false Missouri ID card with Defendant's image and the name Kevin Santiago.  The government also provided a letter it recovered (Gov't Exh. 1) advising Defendant to flee.

The undersigned finds that Defendant proffered sufficient facts to rebut the presumption favoring detention.  Nonetheless, based on the entire record before the Court, the undersigned concludes that there is no condition, or combination of conditions, that would reasonably ensure Defendant's appearance as well as the safety of the community.

In terms of the number of convictions, Defendant's criminal history is not extensive.  Nonetheless, his history is serious and includes two warrants for failure to appear.  Further, for the limited purposes of deciding the issue of release or detention, the undersigned finds that the evidence against Defendant is substantial and strong.  The evidence includes wiretap recordings and undercover transactions directly implicating Defendant in multi-kilogram heroin transactions.  The number of firearms seized in connection with this Defendant is exceptionally significant and indicates a significant danger to the community.  This danger is in addition to the danger to the community posed by of heroin.  Further, the evidence indicates that Defendant engaged in criminal conduct while awaiting trial in the above-referenced St. Louis County felony matters.   Regarding flight, Defendant faces a very long term of imprisonment, if convicted.  Defendant possessed a false Missouri ID card and the government and has a history of failing to appear.  Further, Defendant uses controlled substances, including while released awaiting trial / final disposition of the St. Louis Count felony cases.

The undersigned finds that the government has met its burden and the motion for pretrial detention is hereby granted.